(R.D. 11215)

LESLIE B. CANION v. UNITED STATES

Entry No. 11467–H, etc.

(Decided August 29, 1966)

*Norman J. Bergman* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

FORD, Judge: The proper value for dutiable purposes of certain barber chairs covered by the appeals for a reappraisement, enumerated in the schedule "A" attached to and made part of this decision, is before the court for determination.

The parties hereto have entered into a stipulation of facts wherein it has been agreed as follows:

It is hereby stipulated and agreed, by and between the parties hereto, subject to the approval of the court, as follows:

1. That this stipulation is limited to the merchandise described on the invoices as barber chairs.

2. That the merchandise covered hereby was entered for consumption after February 27, 1958, the effective date of section 2 of the Customs Simplification Act of 1956 (Public Law 927, 84th Congress, T.D. 54165); that none of the merchandise is identified on the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act (T.D. 54521); that appraisement was accordingly made under section 402, Tariff Act of 1930, as amended by the Customs Simplification Act;

3. That at the time of exportation to the United States of the merchandise under consideration, barber chairs numbers 5, 560 and 700 were freely sold or offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States at the following prices:

#5—$103.36, net, packed, F.O.B. Kobe
#560—142.88, net, packed, F.O.B. Kobe
#700—110.99, net, packed, F.O.B. Kobe

4. That as to all chairs other than those listed in paragraph 3, namely chairs numbers 560–A, 560–E, 601–B, and 707, at the time of exportation to the United States of the merchandise under consideration, neither such nor similar merchandise was freely sold or offered for sale in the principal markets of Japan in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States; and they were not sold or offered for sale in the principal market of the United States for domestic consumption in the same condition in which they were imported.

5. That the constructed values of the chairs which are not listed under Par. 3 are the C.I.F. invoice unit prices less ocean freight and insurance, plus 4½%, packed.

6. That the appeals to reappraisement enumerated on Schedule "A" hereto attached and made a part hereof may be submitted on this stipulation and are limited to the merchandise and issues described above and are abandoned in all other respects.

Upon the record before the court, I find and hold that export value, as that value is defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, is the proper basis of value for the barber chairs numbered 5, 560, and 700 and that said value is $103.36, net packed, f.o.b. Kobe for item number 5, $142.88, net packed, f.o.b. Kobe for item number 560, and $110.99, net packed, f.o.b. Kobe for item number 700.

Constructed value, as that value is defined in section 402(d), is the proper basis of value for the barber chairs numbered 560–A, 560–E, 601–B, and 707 and that said values are the c.i.f. invoice unit prices, less ocean freight and insurance, plus 4½ percent, packed. As to all items of merchandise not included in the attached schedule "A," the appeals for a reappraisement, having been abandoned, are dismissed.

Judgment will be rendered accordingly.